Mr. Justice Thacher
delivered the opinion of the court.
Writ of error to Yazoo county circuit court.
This was an action upon a promissory note, signed by “Vance & Andrews, sureties.” Andrews pleaded non as-sumpsit under oath. A verdict was found against Andrews, who, failing in a motion for a new trial, brought his case into this court. The evidence disclosed that the copartnership name of Vance & Andrews was signed to the promissory note by Vance; that Vance was in the habit of signing the copart-nership name as sureties and indorsers; that notices of the approaching maturity of such notes were left at the store of Vance & Andrews, where Andrews was in the frequent habit of visiting, although he was not the active partner of the firm; but there was no evidence of an actual knowledge by Andrews of the use of the name of the firm in this mode, and in the case of the note sued upon, he insisted that no such authority was confided to Vance.
Where one of two partners subscribes the copartnership name to a note as sureties for a third person, without the authority or consent of the other partner, the latter is not bound, and it lies upon the plaintiff to prove the consent or authority of the other *196 partner. Foot v. Sabin, 19 Johns. 154, and cases there cited. Such consent or authority may be presumed from sufficient circumstances.
There is nothing in the bill of exceptions which embodies all the testimony that expressly proves that Andrews authorized the use of the copartnership name as surety or indorsement, but there is express testimony that when such a use of th name came to his knowledge, he denied that any such authority was reposed in Vance. The presumption arising from the circumstance that Vance had been in the habit of using the co-partnership name in such a mode, and that notices of the coming maturity of such obligations were left at the store of Vance & Andrews, which place Andrews visited every day, is sufficiently rebutted bythe circumstance that Andrews was not the active partner, and could not therefore be fairly presumed to have looked narrowly into the transactions of Vance. The evidence certainly did not warrant the finding of the jury.
Judgment reversed, and a new trial to be awarded in the case.